COLEMAN F. LORD vs. JOSEPH W. PARKER, appellant.

Oxford. Opinion June 1, 1891.

*Tax. Assessment. Oath. Overlay. Warrant. Suit. Village Corporation.*
*R. S, c. 6, § § 99, 141. Stat. 1850, c. 406, § 3.*

An action of debt to recover a tax may be maintained in the name of the collector of a village corporation. Such officers are included within R. S., c. 6, § 141.

It is not a bar to such an action that the collector, in a settlement with the treasurer, has paid all the taxes due including the tax sued for, before the action was commenced; it appearing that the defendant did not authorize the payment, nor that it was made by the plaintiff with an intent to extinguish the tax, or to relieve the defendant from his liability to pay it.

Informalities in a warrant for the collection of a village corporation tax, legally and regularly assessed, will not bar such an action, even although the warrant might not, perhaps, be sufficient to authorize an arrest of the defendant, or a distraint of his property.

An overlay, it being less than five per cent, does not render the assessment of a village corporation tax illegal or void, where by the terms of its charter, such assessments are to be made in the same manner as county assessments.

In the absence of any known statute requiring the assessors of a village corporation to be sworn, the fact that the oath was administered to them by the corporation clerk does not render an assessment of taxes illegal or uncollectible.

FACTS AGREED.

This was an action of debt brought in the Norway Municipal

Court, under R. S., c. 6, § 141, to recover a tax of the defendant, who appealed from the judgment rendered against him by that court to the Supreme Judicial Court, where the parties submitted the case to the full court upon the following statement of agreed facts :

"Norway Village Corporation is legally organized under the act creating said corporation, and the acts amendatory thereof. Joseph W. Parker, the defendant, is an inhabitant of said Norway Village Corporation, and the owner of real and personal estate therein, for which he is legally taxable. Coleman F. Lord, the plaintiff in this action, was elected collector of taxes for said Norway Village Corporation for the year 1886. He took the oath of office before C. S. Tucker, who administered the same as corporation clerk,— no collector's bond for the collection of the corporation tax being given or required of said Lord. At the same meeting, . . . were elected assessors of said Norway Village Corporation, and took the oath of office before C. S. Tucker, who administered said oath in his capacity as corporation clerk.

"Said assessors thereafterwards, on the 17th day of August, A. D., 1886, committed to said Lord, under their hands, the list of assessments for said Norway Village Corporation for said year and among others the several sums sued for in this action by the plaintiff in his capacity as collector for said village corporation.

"The said plaintiff on several occasions called upon the defendant to pay the tax, and the defendant refused, positively asserting that he would not pay the tax.

"The plaintiff on 20th day of February, A. D., 1889, settled with C. G. Mason, the corporation treasurer, for the year 1886, paying him all taxes due for the year A. D., 1886, including the taxes sued for in this action, and being long prior to the commencement of this action.

"On the 13th day of May, A. D., 1889, more than twelve days prior to the date of the writ in this action, the plaintiff demanded of the defendant the payment of said tax, by written demand. . . .

"Upon the foregoing statement of facts, the parties agree to submit this case for the determination of the court, in accordance with the legal principles involved." . . .

The writ, pleadings, written demand, commitment of the tax, the record of corporation meetings, act of incorporation, &c., were made a part of the case. The informalities in the collector's warrant are sufficiently stated in the opinion.

*Bearce and Stearns*, for plaintiff.

Suit maintainable by village corporation collector, R. S., c. 6, § 141. "Any collector" and in latter part of section," parish, or place in the state." Stat. 1850. c. 406, § 4. Assessment not void. R. S., c. 6, § 142.

*A. S. Kimball*, for defendant.

Overlay renders assessment void, it being unauthorized. R. S., c. 6, § 142, does not apply, there being no error or mistake. *Mayberry* v. *Mead*, 80 Maine, 27; *Libby* v. *Burnham*, 15 Mass. 144; *Alvord* v. *Collin*, 20 Pick. 418; *Elwell* v. *Shaw*, 1 Maine, 339; *Huse* v. *Merriam*, 2 Maine, 375. Plaintiff paid the tax and assumed personally the risk of collection. He became a voluntary creditor. Commitment void. Warrant not a legal instrument. Oath of assessors a nullity and assessment void. *Dresden* v. *Goud*, 75 Maine, 298; *Orneville* v. *Palmer*, 79 *Id.* 472.

WALTON, J. This is an action of debt, brought in the name of the collector of the Norway Village Corporation, to recover a tax assessed against the defendant. The action is before the law court on facts agreed.

1. The first question is whether such an action can be maintained in the name of the collector of a village corporation. We think it can. The Revised Statutes (chap. 6, § 141) declare that "any collector of taxes, or his executor or administrator, may sue in his own name for any tax, in an action of debt." This language is sufficiently comprehensive to include village corporation collectors, and we perceive no reason why it should not be applied to them as well as to town collectors. It is a better and more convenient remedy than an arrest of the person

or a distraint of property, and it should not be unnecessarily restricted in its application.

2. The next question is whether the overlay, it being less than five per cent, renders the assessment illegal and void. We think not. An overlay not exceeding five per cent is authorized in the assessment of state, county, and town taxes. R. S., chap. 6, § 99. And by its charter, the assessments of the Norway Village Corporation are to be made in the " same manner" as county assessments. Special Laws, 1850, chap. 406, § 3. Such an overlay is allowed to avoid inconvenient fractions, and should be permitted in the assessment of village corporation taxes as well as state, county, and town taxes.

3. Another question is whether the fact that the collector, in a settlement with the treasurer, paid all the taxes due, including the tax sued for, before this action was commenced, is a bar to a recovery. Clearly not. There is no pretense that the defendant authorized the payment, or that it was made by the plaintiff with intent to extinguish the tax or relieve the defendant from his liability to pay it. In equity, such a payment subrogates the plaintiff to the rights of the corporation, and strengthens his right to maintain an action in his own name, while, as matter of strict law, it has no influence whatever upon his right to maintain such a suit. It was an act to which the defendant was an entire stranger, and it neither helps him nor hurts him.

4. Another question is whether certain informalities found in the collector's warrant are a bar to the recovery of the tax in this suit. We think not. These informalities might have been troublesome if the collector had attempted to collect the tax by means of his warrant, as by arrest of the defendant, or distraint of his property. But if in all other particulars the tax is legal and regular, we fail to see why an informality in the warrant should defeat an action of debt for the recovery of the tax. The informalities in the plaintiff's warrant were evidently occasioned by the use of a blank intended for a town collector's warrant, and are more ludicrous than serious in their character. We do not think they constitute a bar to a recovery of the tax by an action of debt.

5. The fifth and last question presented is, whether the fact that the assessors were sworn by the corporation clerk renders their assessment illegal and void. It is claimed that there is no statute authorizing the clerk to swear them. This is true. But it is also true that there is no statute to which we have been referred, or which, after a diligent search, we can find, which authorizes any one else to swear them. In fact, we can find no statute which requires them to be sworn at all. The charter of the Norway Village Corporation does not require any of its officers to be sworn. And we can find no general law which requires the assessors of a village corporation to be sworn. The assessors of towns and cities must be sworn. The statutes expressly require them to be sworn. And it is well settled that a tax assessed by them without their being sworn, is illegal and not collectible. And, perhaps, it is equally desirable that the assessors of a village corporation should be sworn. And in this case they were sworn. And in the absence of any known statute requiring any one else to swear them, or, in fact, requiring them to be sworn at all, we hold that the fact that the oath was administered to them by the corporation clerk is not sufficient to render the assessment illegal and the taxes uncollectible.

*Judgment for plaintiff.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.